**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ARAM DEMIR,

       Petitioner,                           3:26cv0943

       v.                               ELECTRONICALLY FILED

KRISTI NOEM, ET AL.,

       Respondents

**MEMORANDUM ORDER DENYING AS MOOT PETITIONER ARAM DEMIR'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (Doc. 3)**

On May 20, 2026, Petitioner  Aram Demir ("Petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging his immigration detention at the Moshannon Valley Processing Center and requesting either release from detention or a bond hearing. (Doc. 3).

### I.    DISCUSSION

In his habeas petition, Petitioner alleged that he had been detained by Immigration and Customs Enforcement ("ICE") in New Orleans, on October 15, 2025, when he voluntarily reported to the ICE office.  (*Id*.).

On May 22, 2026, Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2441 and Notice of Suggestion of Mootness.  (Doc. 6). The basis for the opposition brief was that Petitioner had been removed from the United States on or about May 20, 2026. (Id.).  In support thereof, Respondents attached to their opposition brief two (2) documents: (1) a Warrant of Removal/Deportation dated December 20, 2025; and (2) a Advance Passenger Information System report dated May 20, 2026, which indicated that Petition had departed the United States for Turkey on May 20, 2026.  (Doc. 6-1, Doc. 6-2).

1

As explained by the court in *Taylor v. Oddo*, Civ. No. 3:24-119, 2026 WL 803072 (W.D. Pa. Mar. 23, 2026) (Lanzillo, M.J.):

> Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. A petitioner must, at every stage of litigation, demonstrate "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)). A habeas petition generally is moot once the petitioner has been removed from the country because the Court no longer can order the relief requested in the petition. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294, 298 (3d Cir. 2006) (unpublished); *see also Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (a case is moot when "developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome" or prevent the court from granting the requested relief).

*Taylo*r, 2026 WL 803072, at *1.  *See also Kochishvilli v. Oddo et al.*, Civ. No. 3:26-245 (W.D. Pa. Apr. 14, 2026) (Haines, J.) (same).

Respondents having provided the Court with evidence that Petitioner has been removed from the United States, and the Court independently being unable to locate Petitioner on ICE's online detainee locator, the Court finds that it cannot grant Petitioner the relief he seeks in his habeas petition (immediate release from custody or a bond hearing) and therefore, Petitioner's habeas petition shall be dismissed as moot.

## II.    CONCLUSION

For the reason stated above, Petitioner Aram Demir's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 3) is DISMISSED as MOOT.

The Clerk of Court shall mark this case CLOSED.

SO ORDERED this 22nd day of May, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

2

cc:  ECF Counsel of Record

ARAM DEMIR, A246 40 1588
MOSHANNON VALLEY PROCESSING CENTER
LEGAL MAIL
555 GEO DRIVE
PHILIPSBURG, PA 16866